UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE STEVEN GILL,

    Petitioner,

v.                                                             Civil No. 2:08-12885

GOVERNOR OF MICHIGAN, et. al.,

    Respondent.
                                      /

**OPINION AND ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE**

Petitioner Wayne Steven Gill presently confined at the Parr Highway Correctional Facility in Adrian, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges the decision of the Michigan Parole Board to revoke his parole for one count of second-degree murder. For the reasons stated below, the petition for writ of habeas corpus will be dismissed without prejudice.

## I. BACKGROUND

On June 16, 2008, Petitioner's parole was revoked by the Michigan Parole Board, after Petitioner was found guilty at a parole violation hearing of violating the conditions of his parole by engaging in assaultive, abusive, threatening or intimidating behavior. Petitioner has now filed the instant petition, in which he claims that the Michigan Parole Board violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments in the manner by which they revoked his parole.

1

## II. DISCUSSION

The instant petition must be dismissed without prejudice, because it contains claims which have not been exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). As a general rule, a federal district court should dismiss a habeas petition that contains unexhausted claims. *Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001). The failure to exhaust state remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

Petitioner has failed to allege or to prove that he has exhausted his claims regarding his parole revocation. Federal habeas corpus relief is unavailable to a state prisoner who fails to allege that he or she has exhausted his or her available state court remedies. *See Granville v. Hunt,* 411 F. 2d 9, 11 (5th Cir. 1969). In the present case, the instant petition is subject to dismissal, because Petitioner has failed to allege or indicate in his petition that he has exhausted his state court remedies with respect to his

parole revocation. *See Peralta v. Leavitt,* 56 F. App'x 534, 535 (2nd Cir. 2003); *see also Fast v. Wead,* 509 F. Supp. 744, 746 (N.D. Ohio 1981). In addition, this court has reviewed the Michigan Court of Appeals' internet website and there is no indication of any appeal ever having been filed by Petitioner in this case.[1] A search of Westlaw online has also failed to reveal any cases filed by Petitioner in the Michigan Court of Appeals or the Michigan Supreme Court.

In *Caley v. Hudson,* 759 F. Supp. 378, 379-81 (E.D. Mich. 1991), another judge in this district held that an inmate who challenged his confinement for a parole violation by the Michigan Parole Board had an available state remedy in the form of a state habeas corpus action and the failure of the inmate to exhaust that available state court remedy required dismissal of his federal habeas petition.

The court in *Caley* based its decision on the case of *Triplett v. Deputy Warden, Jackson Prison,* 142 Mich. App. 774, 779; 371 N. W. 2d 862 (1985), in which the Michigan Court of Appeals held that review of a parole revocation decision was permissible upon the prisoner filing a complaint for writ of habeas corpus in the state trial court. *Id.* (*citing to In Re Casella,* 313 Mich. 393; 21 N. W. 2d 175 (1946). There is no limitation on the time in which a complaint for writ of habeas corpus is filed, so long as the prisoner is in custody at the time that the judgment becomes effective. *Triplett,* 142 Mich. App. at 779. Although orders of denial in a state habeas corpus proceeding

---

[1] Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

in Michigan are not appealable by right, these orders may be reviewed by filing an original complaint for a writ of habeas corpus in the Michigan Court of Appeals. *Triplett,* 142 Mich. App. at 779-780; *Parshay v. Warden of Marquette Prison,* 30 Mich. App. 556, 558; 186 N. W. 2d 859 (1971). Denial of this petition by the Michigan Court of Appeals is reviewable by the Michigan Supreme Court by filing an application for leave to appeal. M.C.R. 7.301 (A)(2); M.C.R. 7.302.

The court in *Caley* recognized, as does this court, that an alternative method of challenging the revocation of parole would be for an inmate to institute an action under the Michigan Administrative Procedures Act ("APA"), Mich. Comp Laws § 24.303(3). However, the APA requires that appeals from Parole Board rulings must be made within 60 days of the ruling. *Caley,* 759 F. Supp. at 379, fn. 1, *citing to* Mich. Comp Laws § 24.304 (1). Because the Parole Board revoked Petitioner's parole on June 16, 2008, Petitioner would only have sixty days from this date to initiate an action under the APA.

In the present case, Petitioner has not yet exhausted his parole revocation claims with the Michigan courts and has an available state court remedy to do so. Accordingly, the instant petition is subject to dismissal. *Caley,* 759 F. Supp. at 381; *See also Bridges v. White,* No. 2007 WL 2984086, * 2-3 (E.D. Mich. October 12, 2007).

### III.  CONCLUSION

IT IS ORDERED that the Petitioner's July 7, 2008 "Complaint for Writ of Habeas Corpus" [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE.

         s/Robert H. Cleland
         ROBERT H. CLELAND
         UNITED STATES DISTRICT JUDGE

Dated:  July 18, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 18, 2008, by electronic and/or ordinary mail.

         s/Lisa G. Wagner
         Case Manager and Deputy Clerk
         (313) 234-5522